## MATHISON v. POULTRY & STOCK MINERALS MINING CO. et al.

No. 5440. Decided December 7, 1934. (38 P. [2d] 741.)

*Irvine, Skeen & Thurman* and *A. U. Miner*, all of Salt Lake City, for appellant.

*J. E. Pixon*, of Murray, and *J. U. Schiess*, of Salt Lake City, for respondents.

ELIAS HANSEN, Justice.

This action was dismissed by the district court of Salt Lake county because plaintiff was without authority to prosecute the same. Plaintiff appeals and assigns as error the dismissal of the action. The material facts touching the question presented for review on this appeal are as follows: In an action brought in the city court of Salt Lake City, Utah, Edward S. Rich secured a judgment in the sum of $639.47 against the Pelican Point Calcite Company, a Utah corporation. Execution was issued out of the city court and returned unsatisfied. Thereafter supplemental proproceedings were had in the city court to enforce the judgment and the court in that proceeding made and entered an order appointing plaintiff receiver of the Pelican Point Calcite Company and vested in him the usual powers and duties incident to receivership and authorized him "by suit or otherwise, as such receiver, in any proper court and by any proper proceeding, to collect and reduce to cash the assets of said Pelican Point Calcite Company." Thereafter this action was brought in the district court of Salt Lake county, Utah. Plaintiff in this action seeks the cancellation of a contract whereby the Pelican Point Calcite Company gave to Roger Cedarstrom a lease and option to purchase a number of tracts of land in Utah county, Utah. Plaintiff also seeks judgment "that the defendants be required to render a full, true and complete accounting of all property of the Pelican Point Calcite Company received or held by them, and that plaintiff herein be awarded possession of all of

the said property and be given a judgment against defendants for the value and use thereof and for the value of all property not so accounted for," and for general relief. Carrie Cedarstrom, Cornelius Cedarstrom, Thor Cedarstrom, Dolly Hencke, and John U. Scheiss were made party defendants in this action because, as it is alleged in the complaint, they were directors of the Pelican Point Calcite Company at the time it failed to pay its annual license tax and forfeited its charter because of such failure to pay its tax, and because, as it is further alleged, such defendants upon the corporation forfeiting its charter became trustees of its property. Roger Cedarstrom is made a party defendant because, it is alleged, he fraudulently secured from the Pelican Point Calcite Company a written lease and option to purchase the property of such company for the sum of $19,500. The Poultry & Stock Minerals Mining Company is made a party defendant because, it is alleged, it is in possession of the property in question as the assignee of the lease and option given to Roger Cedarstrom. It is further alleged in the complaint that Roger Cedarstrom and his assignee, Poultry & Stock Minerals Mining Company, are in default in payments which they agreed to pay to the Pelican Point Calcite Company for the lease and option, and that because of their failure to make the payments as provided for in the lease and option, they have forfeited their rights thereunder. All of the property which plaintiff seeks the possession and sale of is situated in Utah county, Utah. Plaintiff contends that the city court had jurisdiction to appoint him receiver in a proceeding supplementary to execution and that, as such receiver, he is authorized to maintain this action. Defendants contend to the contrary. In support of his position, plaintiff calls to our attention the following provisions of our statutory law: Comp. Laws Utah 1917, § 6964, now R. S. Utah 1933, 104-39-10, wherein it is provided:

"The court may appoint a receiver of the property of the judgment debtor, not exempt from execution, and forbid a transfer or other disposition thereof or interference therewith until its further order therein."

Laws of Utah 1919, c. 34, § 1729, p. 65, wherein it is provided:

"The sections of the code of civil procedure, and the amendments thereto, relating to the rules of practice and mode of procedure in the district court, and providing for provisional remedies, and prescribing the practice and procedure in special proceedings, and all the laws of the State, except as in this chapter otherwise provided, are applicable to the city court, the necessary changes and substitutions being made herein."

The last quoted provision is amended by R. S. Utah 1933, 20-4-29, wherein it is provided:

"In civil matters, except as otherwise provided in this chapter, the code of civil procedure and all laws relating to provisional remedies in the district courts shall apply as nearly as may be to the practice and procedure of the city courts."

It is urged that while provisions authorizing the appointment of a receiver of the property of a judgment debtor are contained in the code of civil procedure for district courts, such provisions are equally applicable to city courts by reason of the provisions of Laws of Utah 1919, c. 34, § 1729, p. 65, as amended by R. S. Utah 1933, 20-4-29, above quoted. It is further urged that the appointment of a receiver in a supplemental proceeding in aid of execution is a special and provisional remedy within the meaning of the statute. Assuming, without deciding, that a city court may in a proper case appoint a receiver, it by no means follows that a receiver so appointed has authority to prosecute an action calculated to apply to the satisfaction of a city court judgment property situated outside of the county where the city court is held. It is uniformly held that a court is without authority over property beyond its territorial jurisdiction as fixed by the sovereignty creating such court. In the language of Clark on The Law of Receivers, vol. 1, p. 76, § 57:

"A court created within a sovereignty is necessarily limited as to its sphere of direct action on persons and things, real estate and chattels within that sovereignty. A court created by a state may have

direct authority over persons and things anywhere within the state or not as the sovereignty which created that court wills it. Most states have district and county and sometimes city courts. The test of their direct jurisdiction over persons and things is dependent upon their power to send their officers into the place where the persons and things are located and through their officers act directly on the property, or on the persons by compelling obedience to the orders."

In civil cases the jurisdiction of city courts is fixed and limited by the provisions of R. S. Utah 1933, 20-4-12. Their jurisdiction is limited to actions involving less than $1,000 and to property within the county wherein the court is situated. "Executions upon [city court] judgments, and all writs and process out of a city court in civil actions, except summonses, must be issued to and served by the sheriff or any constable of the county." R. S. 1933, 20-4-22. It would seem reasonably clear from the provisions of the statute just quoted that the only property that may be levied upon under an execution issued out of a city court is property found within the county where such court is held. The requirement that executions "must be issued to and served by the sheriff or any constable of the county" are words of limitation. "The county" may not well be said to refer to any county other than the county in which the execution is issued. If a party to a city court judgment in a civil action desires to levy an execution on property of the judgment debtor beyond the county where such court is held, our statutes provide the procedure to be followed. "An abstract of a judgment of the city court may be filed in the office of the clerk of the district court of any county, and must be docketed in the judgment docket of the district court in the same manner as abstracts of judgments of justices' courts, * * * and an execution may be issued thereon, and it shall have effect and force the same as a judgment of a justice's court duly docketed in the office of the clerk of the district court." R. S. 1933, 20-4-20.

From these and other provisions of our code of civil procedure, we are of the opinion and so hold that property beyond the boundaries of the county where a city court is held

may not lawfully be levied upon under execution issued out of such court. As the city court in the instant case could not acquire jurisdiction over property in Utah county by means of a writ of execution, it necessarily follows that such court could not acquire jurisdiction of such property by the appointment of a receiver in supplemental proceedings in aid of execution. The provision of the statute relied upon by plaintiff wherein the code of civil procedure of district courts is made applicable to the practice and procedure of city courts does not enlarge or extend the territorial jurisdiction of city courts. It merely prescribes the practice and procedure to be followed by civil courts when acting within their jurisdiction.

The judgment of the lower court is affirmed. Respondents are awarded their costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.